IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WAYNE LEE,<br>    Petitioner,<br><br>    v.<br><br>ISAAC FULWOOD, *et al.*,<br>    Respondents. | CIVIL ACTION<br><br>NO. 10-5468 |

**Memorandum**

YOHN, J.                                                                                                                                                       April 28, 2011

      Petitioner Wayne Lee brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the United States Parole Commission (the "Commission") violated his constitutional due process rights by failing to provide him with a probable cause hearing before revoking his parole and keeping him in custody beyond his original sentence. For the foregoing reasons, I will deny Lee's petition.[1]

**I. Factual and Procedural History**

      On January 4, 1996, the Superior Court of the District of Columbia sentenced Lee to a nine-year term for theft I. (Gov't's Resp. to 2241 Pet. 1, Ex. 1 "Judgment and Commitment Order.") Lee was first paroled on February 10, 1999, by the former District of Columbia Board of Parole (the "D.C. Board"), with 2,069 days remaining in his sentence. (*Id*., Ex. 2 "Parole

---

[1] Lee is currently in custody at the Federal Detention Center, Philadelphia, Pennsylvania.

1

Certificate.") The D.C. Board issued a parole-violator warrant for his arrest on October 13, 1999. (*Id*., Ex. 3 "Violator Warrant.") He was arrested on December 6, 1999, and his parole was revoked on April 5, 2000. (*Id*., Ex. 3 & Ex. 4.)

Lee was then paroled by the Commission[2] on February 9, 2001, with 1,636 days remaining in his sentence. (*Id*., Ex. 5 "Parole Certificate.") The Commission issued a parole-violator warrant on November 1, 2004, for failing to submit to drug testing, using cocaine, and failing to report to his supervision officer. (*Id*., Ex. 6 "Warrant Application.") Lee was arrested on the warrant on January 13, 2005, and the Commission revoked his parole on April 4, 2005. (*Id*., Ex. 7 "Return on Warrant" & Ex. 8 "Notice of Action.")

Lee was paroled for a third time on September 12, 2005, with 1,384 days remaining in his sentence. (*Id*., Ex. 9 "Parole Certificate.") The Commission issued a parole-violator warrant on May 19, 2006, for violating the drug-aftercare condition as well as failing to submit to drug testing, using cocaine, and failing to report to his supervision officer. (*Id*., Ex. 10 "Warrant Application.") Lee was arrested on the warrant on May 22, 2006. (*Id*., Ex. 11 "Return on Warrant.") He agreed to proceed without a revocation hearing, and the Commission revoked his parole on June 20, 2006. (*Id*., Ex. 12.)

Lee was paroled for a fourth time on May 21, 2007, with 1,016 days remaining in his sentence. (*Id*. at 3, Ex. 13 "Parole Certificate.") On April 25, 2008, the Commission issued another parole-violator warrant as a detainer, charging Lee with failing to report to his

---

[2] In August 2000, the Commission assumed responsibility from the D.C. Board to determine parole release and revocation for D.C. offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231 and D.C. Code § 24-409.

supervision officer and burglary I. (*Id.*, Ex. 14 "Warrant Application.") Lee was convicted of unlawful entry and theft II in the Superior Court of the District of Columbia on May 6, 2009, and was sentenced to two consecutive terms of incarceration of six months and 540 days, imposed *nunc pro tunc* from April 30, 2009. (*Id.*, Ex. 16 "Judgment.") Lee was then arrested on the parole-violator warrant on April 14, 2010. (*Id.*, Ex. 17 "Return on Warrant.") The Commission issued a supplemental warrant on July 7, 2010, to add the information regarding his new convictions. (*Id.*, Ex. 18 "Supplemental Warrant Application.")

The Commission notified Lee by a letter dated July 8, 2010, that there was probable cause to believe that he had violated his parole and that a revocation hearing had been ordered. (*Id.*, Ex. 20 "Letter to Lee dated July 8, 2010.") On September 1, 2010, the Commission sent Lee's attorney an offer of a disposition without a revocation hearing. (*Id.*, Ex. 21 "Expedited Offer.") The offer proposed that Lee's parole be revoked, time spent on parole be forfeited, and that his sentence "continue until expiration," so that he remain incarcerated without parole until the expiration of his sentence. Lee did not accept the proposed decision. Then, on September 21, 2010, the Commission attempted to conduct a hearing but it was continued at Lee's request. (*Id.* at 2, Ex. 22.)

Lee finally received a revocation hearing on November 5, 2010. (*Id.* at 4, Ex. 23 "Hearing Summary.") The hearing examiner concluded that the severity rating for Lee's conduct was a category two, which results in a reparole guideline range of sixteen to twenty-two months. (*Id.*, Ex. 23 at 3.) The examiner noted that going beyond the guideline maximum was warranted because Lee was in absconder status when he committed the law violations. (*Id.*, Ex. 23 at 3.) The examiner therefore decided that reparole should be effective after service of thirty-six

months. The hearing examiner observed that as of October 23, 2010, Lee has been continuously incarcerated for thirty months, which the examiner credited toward the guideline range. (*Id.*, Ex. 23 at 3.) The examiner therefore recommended that Lee's parole be revoked, the time he spent on parole be forfeited, and his reparole date be set for April 11, 2011. (*Id.*, Ex. 23 at 3-4.)

The executive reviewer disagreed with the hearing examiner's assessment of Lee's severity rating and reparole date and rejected his recommendation on December 6, 2010. (*Id.*, Ex. 23 at 4.) The executive reviewer concluded that the severity rating was a category five, which results in a sixty to seventy-two month guideline range. (*Id.*, Ex. 23 at 5.) Lee had 1,016 days remaining in his sentence when he was arrested on his latest parole warrant on April 14, 2010, so his mandatory release date was calculated to be January 23, 2013. (*Id.*, Ex. 23 at 1.) The guideline range exceeded the amount of time left remaining in Lee's original nine-year sentence. Because Lee's mandatory release date required him to serve only approximately fifty-seven months toward the guideline, the executive reviewer recommended that Lee's sentence be continued to expiration. (*Id.*, Ex. 23 at 5.)

The Commission adopted the executive reviewer's recommendations. (*Id.*, Ex. 24 "Orders.") Lee received a notice of action dated December 8, 2010, informing him of the parole revocation and of his right to appeal the decision to the Parole Commission within thirty days of the notice. (*Id.*, Ex. 25 "Notice of Action.")

Lee filed the instant habeas petition on October 15, 2010, before the final revocation hearing even took place and before the final revocation notice was ultimately issued.[3]

---

[3] Because Lee's habeas petition preceded the revocation hearing and issuance of the Commission's final decision, his claims are presumably based on the recommendations of the

4

Respondents submitted their response to the habeas petition on December 21, 2010.

**II. Discussion**

Lee argues that the Commission violated his constitutional due process rights by (1) failing to provide him with a probable cause hearing before his latest parole revocation, and (2) exceeding its jurisdiction over him by applying guideline ranges that go beyond his original nine-year sentence, and by failing to credit his twenty-nine months of continuous incarceration toward his release date.[4] Lee's claims must be dismissed because he did not properly exhaust his administrative remedies and his claims lack merit.

**A. Administrative Exhaustion**

Lee had the right to appeal the latest revocation decision to the Parole Commission within thirty days of the notice of action dated December 8, 2010.[5] Respondents argue that because Lee failed to pursue any administrative remedies to appeal the revocation decision, his petition should be denied. I agree.

Federal prisoners must ordinarily exhaust all available administrative remedies before

---

proposed decision, which are the same as those ultimately adopted in the Commission's final decision.

[4] Lee was incarcerated for twenty-four months for his May 6, 2009, conviction of unlawful entry and theft II. (Gov't's Resp. to 2241 Pet. 1, Ex. 21 "Expedited Offer" ("You have a credit of 24 months toward your guidelines for time served before the warrant was executed.").) At the completion of that sentence, Lee was arrested on the parole violator warrant on April 14, 2010. (*Id.*, Ex. 17.) At the time of Lee's habeas petition, he had been continuously incarcerated for a total of twenty-nine months. Lee argues that Commission regulations require that the thirty months be credited toward his release date.

[5] The thirty-day appeal period was still running when respondents replied on December 21, 2010, but has since then expired.

seeking relief under 28 U.S.C. § 2241. *Moscato v. Federal Bureau of Prisoners,* 98 F.3d 757, 706 (3d Cir. 1996); *Waddell v. Alldredge*, 480 F.2d 1078, 1079 (3d Cir. 1973). The Third Circuit has identified three reasons for requiring administrative exhaustion before filing petitions under section 2241: "(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Exhaustion is not required, however, where a court, in its discretion, determines that delaying judicial review does not promote these underlying goals. *See, e.g.*, *Rose v. Lundy,* 455 U.S. 509, 516 n.7 (stating that exhaustion of state remedies is not required where futile) *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (noting that exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (explaining that exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"). If exhaustion is required, and petitioner has failed to comply, procedural default may be avoided only if petitioner demonstrates cause and prejudice. *Moscato*, 98 F.3d at 761.

Lee has not replied to respondents' claim that he failed to exhaust his administrative remedies. Nothing in Lee's petition suggests that his failure to exhaust available administrative remedies should be excused. Lee received the final revocation notice dated December 8, 2010, explaining that his parole had been revoked and his street-time credit had been forfeited. The notice explicitly informed Lee that he had the right to appeal the decision to the Parole

6

Commission within thirty days. (Gov't's Resp. to 2241 Pet., Ex. 25.); 28 C.F.R. § 2.105(g) (granting D.C. offenders right to appeal "a decision made under this section to revoke parole, to grant or deny reparole, or to modify the conditions of release" under time limits and using format outlined in 28 C.F.R. § 2.26). Lee's current habeas claims would have been appropriate bases for appeal of the revocation decision to the Parole Commission. *See* 28 C.F.R. § 2.26(e) (listing possible grounds for appeal, including "[t]hat the guidelines were incorrectly applied" and "[t]hat the Commission did not follow correct procedure in deciding the case, and a different decision would have resulted if the error had not occurred.") Lee filed his habeas petition before attending the hearing on November 5, 2010, and before receiving notice of the Commission's final determination. Lee has not demonstrated that waiting until the Commission reached a decision and then appealing that decision within thirty days would have been futile or would have been inadequate to prevent irreparable harm.

Lee alleges that he raised his claim regarding the lack of probable cause hearing at the attempted revocation hearing on November 5, 2010, but the Commission failed to address it. Lee also alleges that he raised his other claims to the Commission, but the Commission refused to review them. Exhausting administrative remedies requires completion of all available administrative review and appeals procedures. *Muse v. Weiss*, No. 06-4244, 2008 U.S. Dist. LEXIS 25816, at *13 (E.D. Pa. Mar. 31, 2008) (denying habeas petition under section 2241 because petitioner's failure to appeal the Commission's decision under 28 C.F.R. § 2.26 constitutes failure to exhaust his administrative remedies). Merely raising his concerns to the Commission is insufficient to satisfy his exhaustion requirement. Lee has not completed the appeals process under 28 C.F.R. § 2.105 and has therefore failed to exhaust his administrative

remedies. Lee's petition does not demonstrate cause and prejudice to excuse his procedural default.

Moreover, even if Lee had properly appealed the final revocation decision, his petition would be denied because his claims lack merit, as discussed below.

**B. Lack of Probable Cause Hearing is Consistent with Due Process**

Lee claims that his due process rights were violated because the Commission failed to provide him with a probable cause hearing during his latest parole revocation. Commission regulations explicitly deny parolees a probable cause hearing where they have been convicted of the unlawful conduct for which the parole violator warrant was issued. 28 C.F.R. § 2.101(h) states,

> Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke parole.

This is consistent with due process. In *Morrissey v. Brewer*, the Supreme Court outlined a two-step procedure to provide a parolee due process before revoking his parole. 408 U.S. 471 (1972). First, the parolee must receive a preliminary hearing "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id*. at 485. Then, the parolee must also receive a revocation hearing for "a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." *Id*. at 488.

In *Moody v. Dagget*, the Supreme Court noted that "where petitioner has already been

8

convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which *Morrissey* requires . . . ." 429 U.S. 78, 86 n.7 (1976). The Court explained that "[t]his is so both because the subsequent conviction obviously gives the parole authority 'probable cause . . .,' and because issuance of the warrant does not immediately deprive the parolee of liberty." *Id*.

The latest parole violator warrant was issued on April 25, 2008, charging Lee with failing to report to his supervision officer and burglary I. Lee was subsequently convicted of unlawful entry and theft II in the Superior Court of the District of Columbia on May 6, 2009, and a supplemental warrant was issued on July 7, 2010 based on those convictions. The Commission therefore had probable cause that Lee violated his parole, and it did not violate his due process rights by not providing a probable cause hearing.

**C. The Commission Did Not Exceed Its Jurisdiction**

Lee claims that the Commission has exceeded its jurisdiction over him by going beyond his original maximum sentence. Lee argues that the Commission applied a guideline range that exceeds his nine-year sentence. But because of time forfeited due to Lee's parole revocations, the Commission's jurisdiction over Lee has not yet expired.

Pursuant to D.C. Code §24-406,[6] Lee forfeited sentence credit for time spent on parole

---

[6]At the time of Lee's first three parole revocations, D.C. Code § 24-406 required that all street-time credit be forfeited whenever parole is revoked. *See U.S. Parole Comm'n v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997) (interpreting § 24-406(a)).The law has been amended, however, and now requires that street-time credit be forfeited only [i]f a parolee is convicted of a crime committed during a period of parole." D.C. Code § 24-406(c)(2). The new provision does "not apply to any period of parole that was revoked prior to May [] 2009." D.C. Code § 24-406(d). D.C. Code § 24-406(c)(2) applies to Lee's latest parole revocation on December 8, 2010,

9

each time his parole was revoked, and his estimated release date has therefore been extended accordingly. As a result of his four parole revocations, Lee has forfeited a total of 100 months of parole time.[7] The Commission has correctly calculated his mandatory release date to be January 23, 2013.[8]

Lee also claims that the Commission failed to credit his twenty-nine months of incarceration toward his release date.[9] But according to Commission regulations,

> [a] parole violator whose parole is revoked shall be given credit for all time in confinement resulting from any new offense or violation that is considered by the Commission as a basis for revocation, but solely *for the limited purpose of satisfying the time ranges in the reparole guidelines* at § 2.81. *The computation of the prisoner's sentence, and forfeiture of time on parole pursuant to D.C. Code 24-406(c), is not affected by such guideline credit.*

---

because Lee was convicted on May 6, 2009 of crimes committed while he was on parole. Forfeiture of time under D.C. Code § 24-406 has consistently withstood constitutional challenge. *Morrison v. U.S. Parole Comm'n*, No. 04-2192, 2006 U.S. Dist. LEXIS 23374, at *7 (D.D.C. 2006) (citing *Sanders v. U.S. Parole Comm'n*, 2006 U.S. Dist. LEXIS 10103, at *10-11 (D.D.C. Feb. 28, 2006).

[7] Lee has forfeited the following periods of time from the date of his parole to the date of his arrest on the parole-violator warrant for each parole revocation: February 10, 1999 to December 6, 1999 (10 months); February 9, 2001, to January 13, 2005 (47 months); September 12, 2005, to May 22, 2006 (8 months); and May 21, 2007, to April 14, 2010 (35 months).

[8] At the time of Lee's first parole, the Board calculated his estimated release date as October 10, 2004. Because Lee has forfeited approximately 100 months of parole time, his mandatory release date has been correctly extended to January 23, 2013.

[9] Lee was incarcerated for twenty-four months for his May 6, 2009, conviction of unlawful entry and theft II. (Gov't's Resp. to 2241 Pet. 1, Ex. 21 "Expedited Offer" ("You have a credit of 24 months toward your guidelines for time served before the warrant was executed.").) At the completion of that sentence, Lee was arrested on the parole violator warrant on April 14, 2010. (*Id.*, Ex. 17.) At the time of Lee's habeas petition, he had been continuously incarcerated for a total of twenty-nine months. By the time of his hearing on November 5, 2010, the reviewer credited him as having served thirty months of continuous incarceration. (*Id.*, Ex. 23 "Hearing Summary" at 3.)

28 C.F.R. § 2.100(d)(2) (emphasis added). The Commission correctly credited Lee's time in confinement toward his reparole guideline of sixty to seventy-two months. As of April 14, 2010, Lee still had 1,016 days remaining in his sentence. The Commission calculated that with the thirty-month credit, Lee would only serve approximately fifty-seven months of the sixty to seventy-two month reparole sentence. The Commission therefore properly concluded that his sentence should be continued until his mandatory release date on January 23, 2013.

## III. Conclusion

Lee argues that the Commission has violated his due process rights by failing to provide him with a probable cause hearing prior to his final revocation hearing and by exceeding his original nine year sentence. Lee has failed to exhaust his available administrative remedies, and is thus barred from raising his claim. Moreover, his claims lack merit. I will therefore deny his petition under section 2241.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE LEE,<br>　　Petitioner<br><br>　　v.<br><br>ISAAC FULWOOD, *et al.*,<br>　　Respondents | CIVIL ACTION<br><br>NO. 10-5468 |

### Order

And now, this 28th day of April 2010, upon careful consideration of defendant Wayne Lee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and the government's response in opposition thereto (Doc. 4), **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　 s/ William H. Yohn Jr., Judge
　　　　　　　　　　　　　　　　　　　　　　 William H. Yohn Jr., Judge